IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAAL AKI, | : |
| | : |
| Plaintiff, | : CIVIL NO. 1:11-CV-1730 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| UNITED STATES PAROLE COMMISSION, | : |
| | : |
| Defendant. | : |

## MEMORANDUM

July 26, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Jamaal Aki ("Plaintiff" or "Aki"), an inmate presently confined at the United States Penitentiary Canaan ("USP Canaan") in Waymart, Pennsylvania, initiated the above civil rights action *pro se* by filing a *Bivens*[1]-styled Complaint under the provisions of 28 U.S.C. § 1331.  (Doc. 1.)  The case is proceeding on Aki's Revised Amended Complaint, filed on February 1, 2012.  (Doc. 33.)   Presently pending before the Court is a Motion for Summary Judgment filed on behalf of Defendant.  For the reasons set forth herein, the Motion will be granted.

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001)).

**I.     PROCEDURAL BACKGROUND**

In his original Complaint, filed on September 19, 2011, Aki alleged that his right to due process under the Fifth Amendment had been violated as a result of Defendant the United States Parole Commission's failure to provide him with a parole revocation hearing following his arrest on August 25, 2010 while on parole. (Doc. 1.) As relief, Aki sought a total of $200,000 in monetary damages. (*Id.* at 3.)

Following service of the Complaint, on December 23, 2011, a Motion to Dismiss the Complaint was filed on behalf of Defendant on the basis that the doctrine of sovereign immunity barred Aki's claim for monetary damages against the Parole Commission because it is a federal agency. (Doc. 24.) On January 4, 2012, Aki filed a document styled as an Amended Complaint. (Doc. 26.) Aki's Amended Complaint did not contain a claim for monetary damages. Instead, he sought injunctive relief, and specifically, he requested that this Court "dismiss[ ] and vacate the detainer for violation of parole and vacate the 1993 charges of 2nd Degree Burglary and [Bail Reform Act violation]." (*Id.* at 3.)

On January 12, 2012, Magistrate Judge Carlson, to whom this case then was temporarily referred, filed a Report and Recommendation recommending that Defendant's Motion to Dismiss be granted and that the case proceed on Aki's January

4, 2012 Amended Complaint. (Doc. 29 at 11.) Judge Carlson further recommended that Defendant be required to respond to the Amended Complaint on or before March 5, 2012. (*Id.*) The Report provided that any party may object to the recommendations within fourteen (14) days. (*Id.* at 12.)

The docket reflects that no objections were filed within the required time. Instead, on February 1, 2012, Aki filed a document which he identified as a "Revised Amended Complaint." (Doc. 33.) The Revised Amended Complaint differs from the Amended Complaint only insofar as, in his request for relief, in addition to requesting the dismissal of the detainer for the violation of parole and order vacating the 1993 charges of second degree burglary, Aki requests that the Court "let plaintiff go home as his 24 months [*sic*] sentence will be complete on 3-11-12. . . Plaintiff also request [*sic*] that he be given all of his street time since 1993, and that, again, the charges of 2nd degree burglary and [Bail Reform Act] be completely vacated." (Doc. 33 at 3.)

By Order dated February 7, 2012, we construed Aki's filing as an indication of his concurrence in the dismissal of his original Complaint and of his desire to litigate this case on the basis of his Revised Amended Complaint. (Doc. 34.) We therefore adopted Judge Carlson's Report and Recommendation, granted the Motion to Dismiss filed on behalf of Defendant (Doc. 24), and referred the case back to Judge Carlson

3

for further pre-trial management. (*Id.*) By Memorandum Order of the same date, Judge Carlson directed, *inter alia,* that to the extent Defendant wished to contest Aki's entitlement to his sole remaining request for equitable relief in his Revised Amended Complaint, Defendant should file an appropriate dispositive motion on or before February 27, 2012, and that Aki should file a response to any dispositive motion within fourteen (14) days, or by March 12, 2012. (Doc. 36 at 2.) The instant Motion was filed in accordance with Judge Carlson's Order on February 27, 2012. (Doc. 38.) A supporting brief (Doc. 39) a statement of material facts (Doc. 40) and supporting exhibits (Doc. 40-1) simultaneously were filed.

On March 12, 2012, a letter from Aki was entered on the docket in which he stated that he received a copy of the Motion for Summary Judgment filed on behalf of Defendant and asked if the Court could tell him if he is supposed to answer it. (Doc. 41.) In an Order dated March 13, 2012, we observed that, pursuant to Middle District of Pennsylvania Local Rule ("LR") 7.6, Aki's opposition to the instant Motion was due to be filed within twenty-one (21) days after service of Defendant's brief, or by March 19, 2012. (Doc. 42 at 2.) We also observed that the Standing Practice Order that was issued to Aki at the outset of the case was not the most current version, and

therefore, we directed the Clerk of Court to send Aki the current version.[2]  (*Id.*)  We observed that the Order contains the requirements for responding to pre-trial motions and that a copy of the relevant rules are attached.  (*Id.*)  We therefore construed Aki's letter as a Motion requesting an extension of time to file his opposition; granted the Motion; afforded him an additional fourteen (14) days, or until April 2, 2012, to file his opposition, and specifically directed him to file his responsive brief in accordance with LR 7.6, and responsive statement of material facts in accordance with LR 56.1; and we warned Aki that his failure to file his opposition as directed within the required time would result in the Motion being deemed unopposed and addressed on the merits.  (*Id.* at 2-3.)  On April 3, 2012, Aki filed a document styled as an "Objection to Summary Judgment" (Doc. 44), which we construe as his responsive brief.  Accordingly, the instant Motion now is ripe for our review.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that "[t]he Court shall grant

---

[2]The Standing Practice Order that was issued to Aki at the outset of this case includes an attachment containing an outdated version of LR 7.6, which required a party opposing *any* motion to file an opposition brief within fourteen (14) days after service of the movant's brief.  The current version of LR 7.6, which is attached to the current Standing Practice Order, provides that a brief in opposition to a motion for summary judgment, and LR 56.1 responsive statement, together with supporting papers, are due within twenty-one (21) days after service of the movant's brief.  The docket in this case reflects that the current version of the Court's Standing Practice Order was issued to Aki on March 13, 2012.  (Doc. 43.)

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.*

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325.

Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to

judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.,* 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). Rather, a party asserting that a fact is genuinely disputed must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Anderson*, 477 U.S. at 255. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v.*

*Westinghouse Elec. Co.,* 862 F.2d 56, 59 (3d Cir. 1988).

## III. STATEMENT OF MATERIAL FACTS

Aki was directed in our March 13, 2012 Order to file his opposition to the instant motion in accordance with the requirements of LR 7.6 and LR 56.1 by April 2, 2012.[3] (Doc. 42 at 3 ¶ 3.) On the same date, pursuant to our Order, Aki was provided with a copy of the current version of the Court's Standing Practice Order, which includes an attachment containing the current versions of LR 7.6 and LR 56.1. (Doc. 43.) Moreover, Aki was warned in our March 13 Order that his failure to file his opposition as directed within the required time would result in Defendant's Motion being deemed unopposed and addressed on the merits. (Doc. 42 at 3 ¶ 4.)

On April 3, 2012, Aki filed an "Objection to Summary Judgment" which was docketed as his brief in opposition to the instant Motion and which we construe as his response to Defendant's Motion in accordance with LR 7.6[4]; however, he did not file a

---

[3] LR 56.1 provides, in relevant part, as follows: "The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the [moving party's] statement, as to which it is contended there is a genuine issue to be tried . . . All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." LR 56.1 also provides that, "Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements."

[4] We note that, at the end of a section he labels "Argument" in his "Objection," Aki requests
(continued...)

responsive statement of material facts as required by LR 56.1.  Because Aki failed to file a responsive statement of material facts as directed, we shall deem all of the material facts set forth in Defendant's statement to be admitted.  Defendant's statement (Doc. 40) and supporting exhibits[5] (Doc. 40-1) establish the following undisputed facts relevant to the disposition of the instant Motion:

On October 4, 1993, Aki  (also known as Demetrius Williams, Jamal Elliott, Jamal Aki, and Jamaal Muhammed) was sentenced by the District of Columbia Superior Court to a term of one (1) year imprisonment for violation of the Bail

---

[4](...continued)
"further time to respond to [the] United States Attorney(s) who represent respondent[ ]".  (*See* Doc. 44 at 2.)  We did not construe Aki's statement as a request for an extension of time inasmuch as he inserted it at the end of his opposition brief rather than in a separate motion, which would have been properly filed before Aki's filing of any opposition to the instant motion.

[5]Defendant has submitted the following exhibits in support of its request for the entry of summary judgment, all of which have been certified by Assistant General Counsel for the United States Parole Commission as true copies of documents contained in Aki's parole file (*see* Doc. 40-1 at 3):
  **Ex. 1:** 10/4/93 Judgment and Commitment/Probation Order, Case No. M857-93A (Doc. 40-1 at 4);
   **Ex. 2:** Aki's Sentence Monitoring Computation Data as of November 8, 2011 (*id.* at 5-9);
  **Ex 3:** 11/5/93 Judgment and Commitment/Probation Order, Case No. F4316-93(B) (*id.* at 10);
  **Ex. 4:** 3/7/10 Certificate of Parole (*id.* at 11-13);
  **Ex. 5:** 11/30/10 Warrant Application (*id.* at 14-15);
  **Ex. 6:** 11/30/10 Memorandum (*id.* at 16-17);
  **Ex. 7:** 7/1/11 Supplement (*id.* at 18);
  **Ex. 8:** 7/7/11 Detainer Action Letter (*id.* at 19);
  **Ex. 9:** 7/22/11 Telefax Cover Sheet (*id.* at 20);
  **Ex. 10**: 10/21/11 Electronic Mail (*id.* at 21).

Reform Act. (Doc. 40, Defs' Statement of Material Facts, ¶ 1; Doc. 40-1 at 3; Exs. 1, 2.) On November 5, 1993, Aki was sentenced by the same court to a term of 120 months (five years) imprisonment for second degree burglary. (Doc. 40 ¶ 2; Exs. 2, 3.) Aki most recently was released on parole from this sentence by the Parole Commission on March 7, 2010. (Doc. 40 ¶ 3; Ex. 4.) Aki was to remain under supervision until November 29, 2012. (Doc. 40 ¶ 4; Ex. 4.)

However, on August 25, 2010, Aki was arrested and taken into the custody of the Federal Bureau of Prisons ("BOP") for the offense of Attempt to Commit Robbery. (Doc. 40 ¶ 7 & n.1; Ex. 2.) On April 29, 2011, the District of Columbia Superior Court imposed a sentence of twenty-four (24) months imprisonment for this new offense. (Doc. 40 n.1; Ex. 2.) As of the date of Defendant's submission of the instant Motion, Aki had been in BOP custody since August 25, 2010, as reflected by his Sentence Monitoring Computation Data showing that he received jail time credit from August 25, 2010 (the date of the new offense) through April 28, 2011 (the day before sentencing). (Doc. 40 ¶ 7 & n.1; Ex. 2.) As also reflected by his Sentence Monitoring Computation Data, service of Aki's twenty-four (24) month sentence commenced on April 29, 2011, and his projected release date from that sentence via good conduct time release was May 22, 2012. (Doc. 40 n.1; Ex. 2.)

On July 1, 2011, the Commission supplemented its warrant with information that Aki had been convicted by the District of Columbia Superior Court of attempted robbery and sentenced to a term of twenty-four (24) months imprisonment. (Doc. 40 ¶ 8; Ex. 7.) By Memorandum dated July 7, 2011, the BOP, which now had Aki in custody for his new sentence, informed the Commission that it did not have a detainer warrant from the Commission. (Doc. 40 ¶ 9; Ex. 8.) On July 22, 2011, the Commission sent the warrant and supplemental warrant application to the BOP and requested that it be lodged as a detainer. (Doc. 40 ¶ 10; Ex. 9.)

On October 21, 2011, the Commission requested that the BOP continue to lodge the warrant and warrant application as a detainer against Aki and to inform the Commission when the warrant is executed. (Doc. 40 ¶ 11; Ex. 10.) As of February 27, 2012, Aki remained in the custody of the BOP while serving his twenty-four (24) month sentence imposed on April 29, 2011. (Doc. 40 ¶ 12; Ex. 2.) He was scheduled to complete the service of this sentence on May 22, 2012. (Doc. 40 ¶ 13; Ex. 2.) Upon the completion of his sentence, Aki was to be released to the custody of the United States Marshals Service for execution of the Commission's warrant, which had been lodged as a detainer.[6] (Doc. 40 ¶ 14; Exs. 2, 8-10.)

---

[6]As of the date of this Memorandum, the BOP Inmate Locator reflects that Aki is in the
(continued...)

## IV. DISCUSSION

Aki alleges that his right to due process was violated as a result of the Parole Commission's failure to conduct a timely parole revocation hearing following his arrest on August 25, 2010. (Doc. 33 at 2.) Specifically, he alleges that he was entitled to a revocation hearing within two (2) months of being taken into custody pursuant to the holding in *Morrissey v. Brewer*, 408 U.S. 471 (1972). (*Id.* at 2, 3.) In *Morrissey*, the Supreme Court held that a parolee has a liberty interest in parole which is protected by the Fourteenth Amendment and cannot be revoked without due process safeguards. 408 U.S. at 482. In examining the process that is due to a parolee, the Court observed that the first stage in the typical process of parole revocation involves the arrest and detention of a parolee, usually at the direction of his parole officer, thereby suggesting that a parolee's liberty interest is triggered upon arrest specifically for a parole violation. *See id.* at 485. Subsequently, in *Moody v. Daggett*, 429 U.S. 78 (1976), the Supreme Court clarified that it is not the *issuance* of a parole violator warrant that triggers a loss of liberty for a parolee who is serving a new sentence imposed while on parole, but rather the *execution* of the warrant at which time a

---

[6](...continued)
custody of the BOP at USP Canaan with a projected release date of August 2, 2014. *See* BOP Inmate Locator, available at http://www.bop.gov/iloc2/LocateInmate.jsp

parolee is taken into custody specifically for a violation of parole that trigger's a parolee's right to a revocation hearing. 429 U.S. at 87. The *Moody* Court articulated this clarification as follows:

> [I]n holding that '(t)he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody' . . . we established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation. This is a functional designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant.

*Id.* (quoting *Morrissey*, 408 U.S. at 488). As such, where the undisputed factual record in the case before us demonstrates that Aki was taken into BOP custody on August 25, 2010 not upon the execution of a parole violator warrant, but instead as a result of his having committed new criminal conduct, and that, at the time of the filing of this action and the instant Motion, the parole violator warrant had yet to be executed because Aki still was serving his twenty-four (24) month sentence imposed by the District of Columbia Superior Court on April 29, 2011, it is evident that Aki's due process right to a revocation hearing had not yet accrued. Consequently, his claim that his right to due process was violated by Defendant's failure to conduct a revocation hearing within two (2) months of Aki's August 25, 2010 arrest fails as a matter of law, and thus, Defendant is entitled to the entry of judgment in its favor. Defendant's Motion therefore will be granted.

An appropriate Order will enter on today's date.